IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NO.   4:11-CV-734

(Edwin M. Kosik, J.)

JOHN RICHARDSON

Plaintiff

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security

Defendant

**PLAINTIFF'S BRIEF**

NEWMAN, WILLIAMS, MISHKIN,
CORVELEYN, WOLFE & FARERI, P.C.

Ronald J. Mishkin, Esq.
Attorney I.D. No.: 14912
Attorney for Plaintiff
712 Monroe Street
Stroudsburg, PA 18360
Tel. No.: (570) 421-9090

I.      **STATEMENT OF THE CASE**

     *a.      Procedural Background*

Plaintiff, John Richardson ("Claimant"), filed an application for a period of disability and disability insurance benefits[1] alleging that disability began on November 23, 2006. (Administrative Record "R" 10). Such application was denied after hearing before Administrative Law Judge Sridhar Boini (the "ALJ") in a Decision dated September 21, 2009. (R7). This matter comes before the Court on a Complaint for a review of an adverse decision of the Appeals Council dated February 23, 2011. (R1).

The Claimant was born on July 24, 1963 and was 43 years old on the alleged disability onset date, which is defined as a younger individual (R17; 20 CFR § 404.1563). Claimant had a significant work history for the last 20 years as a courier with Federal Express, a warehouse manager, a security guard at a large law firm, a city inspector, and most recently a counselor with the Jewish Federation in New York City. (R24).

At time of hearing, Claimant testified that he was unable to work because of pain in his lower back which radiates down his right buttock to his right lower extremity, numbness in his legs, some discomfort in his neck and numbness in his right hand. (R16). The Claimant is right handed. (R27). Claimant indicated he

---

[1] Claimant remains in an insured status until December 31, 2012.

received multiple sets of injections for his back which were largely unsuccessful. (R28). Claimant told the ALJ he was advised by specialists he would need lumbar decompression surgery but he would first need to lose 100 pounds. (R28). Claimant relayed to the ALJ that he experiences stiffness in his back and numbness in his legs when he sits. (R28). Conversely, he experiences numbness in his legs when he stands for too long. (R28).

Claimant has treated and consulted with numerous medical providers as of the time of hearing as reflected in the Statement of Material Facts filed concurrent with this brief and reflected by the medical history of record (R.172-268).

The ALJ found that Claimant would be able to perform limited sedentary work and therefore found that he had not been under a disability from November 23, 2006 through the date of the Decision. (R18-19). The Appeals Council upheld the Decision of the ALJ by Decision dated February 23, 2011 (R1-3).

This Brief is offered on behalf of the Claimant John Richardson, in support of his appeal from the Commissioner's final determination to this Honorable Court.

## II.     STATEMENT OF ERRORS

1. Whether the ALJ below failed to comply with 20 C.F.R. §404.1527 by failing to accord adequate weight to the opinion of the claimant's treating physician?

    Suggested answer:     yes.

2. Whether the ALJ erred in discounting Claimant's subjective complaints as to pain limitations and failed to properly consider and apply the factors set forth in 20 C.F.R. §404.1529.

    Suggested answer:     yes.

## III. ARGUMENT

*a. Standard of Review*

When reviewing the denial of Social Security Insurance benefits, the Court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3rd Cir. 1988); Mason v. Shalala, 994 F.2d 1059 (3rd Cir. 1993). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552 (1988); Hartranft v. Apfel, 181 F. 3rd 358,360 (3rd Cir. 1999). It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401 (1971). In determining whether the Commissioner's decision rests upon a foundation of substantial evidence it is an Appellate Court's responsibility, to examine and scrutinize the whole record and reverse or remand as necessary. Smith v. Califano, 637 F.2d 968, 970 (2nd Cir. 1981).

*b. Law as Applied to Facts*

1. **The ALJ failed to comply with 20 C.F.R. § 404.1527 by failing to accord adequate weight to the opinion of the Claimant's treating physicians.**

The Social Security Act (the "Act") defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to perform in the

workplace.  In order to receive disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423 (d)(1)(A).

The Act further provides that a person must "not only [be] unable to do his previous work but [must be unable], considering his age, education, and work experience, [to] engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job exists for him, or whether he would be hired if he applied for work."  42 U.S.C. § 423 (d)(2)(A); Hecker v. Campbell, 461 U.S. 458, 459-60,103 S. Ct. 1952, 76 L.Ed. 2d 66 (1983).

The Commissioner utilizes a five-step process in evaluating disability insurance claims. See 20 C.F.R. § 404.1520.  This process requires the Commissioner to consider, in sequence, whether a claimant (1) is engaging in substantial gainful activity, (2) has an impairment that is severe or a combination of impairments that is severe, (3) has an impairment or combination of impairments that meets or equals the requirements of a listed impairment, (4) has the residual functional capacity to return to his or her past work and (5) if not, whether he or she can perform other work in the national economy.  Daniels v.

Astrue, 2009 U.S. Dist. LEXIS 32110, 9-10 (M.D. Pa. Apr. 15, 2009) (Muir, J.).

As part of step four the administrative law judge must determine the claimant's residual functional capacity. Id. Residual functional capacity is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. *See* Social Security Ruling 96-8p, 1996 SSR LEXIS 5, 61 Fed. Reg. 34475 (July 2, 1996). The residual functional capacity assessment must include a discussion of the individual's abilities. Id; 20 C.F.R. § 404.1545.

In his Decision, the ALJ reviewed in detail the five (5) step sequential evaluation required by the Social Security Administration. To that end, the ALJ found that the Claimant met the non disability requirements for benefits, and has not engaged in any substantial gainful activity since November 23, 2006. (R12). The ALJ further found that the Claimant had a severe combination of impairments including degenerative disk disease and disk herniations in his thoracic spine, spinal stenosis in his lumbar spine, and disk herniation and spinal stenosis in his cervical spine and carpal tunnel syndrome. (R12). The ALJ further found that the impairments or combinations did not meet or equal the listings, and also determined that the Claimant was not able to perform any of his past relevant work. (R17). With this finding, the ALJ was then forced to evaluate the Claimant's residual functional capacity, and whether the Commissioner had proven

that there was work available for the Claimant within his limited physical capacity as found by the ALJ. It is this area of the case where the decision is not supported by substantial evidence as hereinafter set forth.

In his determination of Claimant's residual functional capacity, the ALJ disregarded the opinions of Claimant's treating physicians and ostensibly relied upon the lay analysis of a non-physician case adjudicator.

As the Court is well aware, an ALJ may reject the opinion of a treating physician only when supported by contrary medical evidence. Doak vs. Heckler, 790 F. 2d 26, 29 (3rd Cir. 1986). In Plummer vs. Apfel, 186 F.3d 422 (3rd Cir. 1999), the Third Circuit held that an ALJ may not make speculative inferences from medical reports and is not free to employ his own expertise against that of a physician who presents competent medical evidence. The Court stated "A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on continuing observations of the patient's condition over a prolonged period of time." Morales v. Apfel, 225 F.3d 310, 317 (3rd Cir. 2000) (*quoting* Plummer v. Apfel, 186 F. 3d 422, 429 (3rd Cir. 1999). If "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." Id. (quoting Plummer, 186 F3d at 429). Notwithstanding, it is

incumbent on an Administrative Law Judge to always give good reasons in the decision for the weight given to a treating source's opinion. 20 C.F.R. § 404.1527(d)(2).

If the treating physician opines that a plaintiff is disabled, "[t]he ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled." Id. The ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." Plummer, 186 F. 3d at 429.

The ALJ outlines on pages 4 through 8 of his opinion (R13-17), a detailed analysis of the Claimant's medical limitations which purports to describe Claimant's entire medical history. The synopsis however ignores pertinent findings and conclusions of Claimant's treating physicians which support the granting of disability benefits. By way of example, the ALJ entirely ignored Claimant's medical treatment from 2008 to 2009 with Dr. Martha Boulos, a treating physician. (See e.g. R. 223-235). Dr. Boulos diagnosed Claimant with "multilevel degenerative joint disease" and her notes reflect Claimant complained of "right upper extremity numbness and tingling on the hand" which is consistent with his testimony before the ALJ. (R223). By way of further example, Dr. Slobodan Miric, in a report provided February 12, 2008, indicates Claimant

suffered from chronic lumbar spinal pain and was a surgical candidate if pharmacotherapy proved unsuccessful. (R234-235). Dr. Miric imposed substantial limits and also opined Claimant was **totally disabled**. (R235). Dr. Miric also completed an Attending Physician Statement in March 2008 as required by Unum, Claimant's short term and long term disability carrier. (R262-263). Dr. Miric noted physical capabilities restrictions as follows: sitting two (2) hours, standing one (1) hour, and walking zero (0) hours. (R263). Dr. Miric further stated Claimant is incapable of pushing, pulling, climbing, twisting, bending, stooping, lifting up to 10 pounds, and only occasionally is he capable of reaching above shoulder level. (R263). The initial Miric report and the Attending Physician Statement completed by Dr. Miric were not addressed at all by the ALJ and therefore were not expressly rejected by contradictory medical evidence as required by law. It should also be noted that in this case the Claimant was sent to Dr. Cifelli, a neurosurgeon, who recommended surgical intervention. (R180). The ALJ completely ignored this recommendation. (R14).

  The ALJ did acknowledge that the record contains disability insurance statements completed by the Claimant's treating physicians. These statements reveal Claimant was totally disabled and thus unable to work. (R259-260). Those statements of disability by the treating physicians (Dr. Miric and Dr. Chen) should have been given appropriate weight, or if rejected the ALJ should have pointed to

other medical information in the file contrary to their conclusions. Instead, the ALJ offered the unsubstantiated statement that the statements of disability were "inconsistent with the objective evidence of record". (R14).

In addition, the ALJ does not allude to any post-May 2008 reports in his analysis. Repeated MRIs of the lumber spine during this timeframe show three (3) herniated discs at Levels L-3, L3-4, L4-L5, and L5-S1 with impingement on the thecal sac and spinal stenosis at Levels L2 and S1 and a narrowing of neural foramina bilaterally. (R226). On September 15, 2008 Claimant saw Dr. Boulos whose impression was discogenic disease in the cervical spine, multilevel with mild spinal stenosis at different levels, disc herniation of the lumbar spine with spinal stenosis with neurogenic claudication when walking, thoracic spine disc herniation and mild spinal stenosis, obesity, sleep apnea. (R227). All of these findings support the grant of disability benefits but were not analyzed by the ALJ in his Decision.

Instead the ALJ in deciding the Claimant's residual functional capacity, did not rely upon any reports of the treating physicians or the consulting evaluating physician, but evidently gave great weight to a case adjudicator with the Disability Determination Service (DDS). The adjudicator concluded that the Claimant has the functional capacity to perform a full range of light work. (R198-204). Although the ALJ indicates that this evidence was <u>given the weight generally</u>

<u>afforded to opinions of non-medical providers</u>, he never indicates in his Decision what weight he afforded the adjudicator's opinion. It is nonetheless clear that the ALJ determined the Claimant's residual capacity from the DDS evaluation (again, prepared by a non-physician, lay evaluator) as the ALJ found the DDS assessment established "that the claimant has had the functional capacity to perform some type of work activity." (R15-R16). The ALJ was prohibited from rejecting the treating physicians' assessments due to a lay opinion. <u>Houlihan v. Astrue</u>, 2010 U.S. Dist. LEXIS 139391 (M.D. Pa. 2010).

 Based upon all of the above, it is respectfully submitted that the decision of the ALJ cannot be sustained on the record, as it is not supported by substantial evidence. Consequently, the Commissioner having failed to adequately prove by substantial evidence that the Claimant has a residual functional capacity, and that work is available within that limited capacity, the decisions should be reversed and the Claimant should be awarded benefits as requested in the initial application.

  **2. The ALJ erred in discounting Claimant's subjective complaints as to pain limitations and failed to properly consider and apply the factors set forth in 20 C.F.R. § 404.1529.**

 The Claimant testified under oath that he has been unable to work because of pain in his lower back which radiates down to his right lower extremity, numbness in his legs, discomfort in his neck, and numbness in his right hand. (R16). He

testified his back tightens up and he experiences some numbness in his legs if he sits too long and he gets numbness from his waist down if he stands too long. (R16).  The ALJ found that Claimant suffered the following severe impairments:

- degenerative disc disease and spinal stenosis in his lumbar spine,
- degenerative disc disease and disc herniations in his thoracic spine,
- disc herniation and spinal stenosis in his cervical spine, and
- carpal tunnel syndrome

(R12).

Yet despite the foregoing, the ALJ stated that "the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." (R16).

This Circuit has held that "Where medical evidence does support a Claimant's complaints of pain the complaints should then be given 'great weight' and may not be disregarded unless there exists contrary medical evidence." Williams vs. Apfel, 98 F.Supp. 2d 625, 633 (E.D. Pa. 2000), citing Mason vs. Shalala, 994 F.2d 1058 (3rd Cir. 1993).  Whenever an ALJ concludes that a Claimant's testimony is not credible the basis for such conclusion must be indicated in the Decision.  Akers vs. Callahan, 997 F.Supp. 648, 653 (W.D. Pa. 1998).

The ALJ did not indicate in his Decision the reasons why he deemed

Claimant's subjective complaints incredible. The Claimant submits to this Court the ALJ was incapable of presenting any such reasons because the subjective complaints are entirely consistent with the impairments listed by the ALJ, *supra*.

In fact, the ALJ seems to have completely disregarded the Claimant's subjective complaints. To wit, the ALJ almost entirely relied on Claimant's daily activities to find Claimant was not totally disabled. The function questionnaire completed by Claimant revealed he cares for his 4-year son while his wife works, he gets his 8-year old son ready and off to school in the morning, he helps his son with his homework when he gets home from school, he does small loads of laundry twice a week, he mows the lawn with a riding lawnmower, and he drives a car to go grocery shopping for small items once a week. (R16). The ALJ held these activities are inconsistent with his claims of being totally disabled without any mention of Claimant's subjective complaints. (R16).

Notwithstanding, the ALJ's explanation of Claimant's performance of daily activities around the house is not totally inconsistent with a claim of disability. The case of <u>Holmes v. Barhnart</u>, 2003 U.S. Dist. LEXIS 7762 (E.D. Pa. 2003) is illustrative wherein the Court stated that while an ALJ may consider daily activities in determining credibility of Claimant's testimony, that does not mean that a Claimant must vegetate in a dark room excluded from all forms of human and social activity. Regardless, the Claimant in this case testified to nothing

outside the range of his medical limitations that would call his credibility into question.

    It is evident the reasons relied upon by the ALJ for rejecting Claimant's alleged level of pain and incapacity are not supported by the record. Based on the medical evidence set forth in the administrative record, including the statements of Claimant to his treating physicians and to the ALJ at hearing, the Court should conclude the ALJ erred when evaluating Claimant's testimony regarding the intensity, duration and limiting effects of his pain limitations.

## IV. CONCLUSION

For the above reasons, the decision of the Appeals Council and ALJ below should be reversed, and Claimant, John Richardson, awarded benefits with an onset date of November 23, 2006.

        Respectfully submitted,

        **NEWMAN, WILLIAMS, MISHKIN,**
        **CORVELEYN, WOLFE & FARERI, P.C.**

    s/    Ronald J. Mishkin, Esquire
        Atty. ID # PA 14912
        Attorney for Plaintiff, John Richardson

## CERTIFICATE OF SERVICE

I hereby certify that I am, this day, serving the foregoing document upon the individual below via ECF.

Timothy S. Judge, Esquire
P.O. Box 309
Scranton, PA 18501-0309
Timothy.judge@usdoj.gov

                        **NEWMAN, WILLIAMS, MISHKIN,**
                        **CORVELEYN, WOLFE & FARERI, P.C.**

                        s/    Ronald J. Mishkin, Esquire
                              Atty. ID # PA 14912
                              Attorney for Plaintiff, John Richardson

Date: August 10, 2011