IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NO.   4:11-CV-734

(Edwin M. Kosik, J.)

JOHN RICHARDSON

Plaintiff

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security

Defendant


**REPLY BRIEF ON BEHALF OF PLAINTIFF**


NEWMAN, WILLIAMS, MISHKIN,
CORVELEYN, WOLFE & FARERI, P.C.

Ronald J. Mishkin, Esq.
Attorney I.D. No.: 14912
Attorney for Plaintiff
712 Monroe Street
Stroudsburg, PA 18360
Tel. No.: (570) 421-9090

## ARGUMENT

**I.    The Brief of the Commissioner provides no analysis whatsoever as to how or why the ALJ rejected the findings of the Claimant's treating physicians.**

As described in Plaintiff's brief, Dr. Slobodan Miric indicated Claimant suffered from chronic lumbar spinal pain and was a surgical candidate if pharmacotherapy proved unsuccessful.  (R234-235).  Dr. Miric opined Claimant was **totally disabled**.  (R235).  Dr. Miric also completed an Attending Physician Statement in March 2008 which noted physical capabilities restrictions as follows: sitting two (2) hours, standing one (1) hour, and walking zero (0) hours.  (R263). Dr. Miric further stated Claimant is incapable of pushing, pulling, climbing, twisting, bending, stooping, lifting up to 10 pounds, and only occasionally is he capable of reaching above shoulder level.  (R263).  The initial Miric report and the Attending Physician Statement completed by Dr. Miric were not addressed at all by the ALJ.

The Commissioner argues the ALJ was *entitled* to reject Dr. Miric's opinions without explanation because the findings conflicted with the "overwhelming evidence of record."  (Commissioner's brief, p. 9).  The "overwhelming evidence" referred to by the Commissioner in his brief included some cherry-picked findings from various medical providers coupled with the fact Claimant is a "stay-at-home parent".  (Commissioner's brief, pp. 8-9).  Oddly,

Commissioner cites to the reports of Dr. Cifelli and Dr. Chen, but totally ignores (just as the ALJ did) that both of those doctors recommended surgical intervention. (*See* R179-180, R185-186).

In the recent case of <u>Christenson v. Astrue</u> (No. 4:10-CV-2010), the late Judge Muir provided the following cogent analysis of the interplay between a treating physician's findings and the injection of an ALJ's lay opinion:

> When a treating physician's opinion conflicts with a non-treating, non-examining physician's opinion, the administrative law judge may choose whom to credit in his or her analysis, but "cannot reject evidence for no reason or for the wrong reason." [citation omitted]. In choosing to reject the evaluation of a treating physician, an administrative law judge may not make speculative inferences from medical reports and may reject a treating physician's opinions outright only on the basis of contradictory medical evidence. [citation omitted]. An administrative law judge may not reject a written medical opinion of a treating physician based on his or her own credibility judgments, speculation or <u>lay opinion</u>. (emphasis in original) An administrative law judge may not disregard the medical opinion of a treating physician based solely on his or her own "amorphous impressions, gleaned from the record and from his evaluation of the [claimant] 's credibility." [citation omitted]. As one court has stated, "Judges including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor" because "lay intuitions about medical phenomena are often wrong." *Citing to* <u>Schmidt v. Sullivan</u>, 914 F.2d 117, 118 (7th Cir 1990).

(Doc. 10, p. 6)

Here, the ALJ rejected the opinion of Dr. Miric and offered no reason why.

In a post hoc analysis, the Commissioner excuses this rejection of evidence on the part of the ALJ, in part, because of the fact the Claimant takes care of his children. If this is the case, than the ALJ disregarded the opinion of Dr. Miric, a treating physician, based solely on his impressions of the Claimant's disability as gleaned from the record.

Consequently, it is respectfully submitted that the decision of the ALJ cannot be sustained on the record, as it is not supported by substantial evidence. As a result, the Claimant should be awarded benefits as requested in the initial application.

**II.    Plaintiff's family activities are consistent with his subjective complaints and the objective medical findings of record.**

The Commissioner argues that since Claimant "works full-time as a parent" he is not disabled from work in the national economy.  (*Brief of Defendant, p. 2*). This argument is without merit and should not be considered by the Court.

As conceded in Plaintiff's brief on page 14, an ALJ may consider the extent of daily activities in determining the credibility of a claimant's testimony. <u>Turby v. Barnhart</u>, 54 Fed. Appx. 118 (3rd Cir. 2002); *cited by* <u>Holmes v. Barnhart</u>, 2003 U.S. Dist. LEXIS 7762 (E.D. Pa. Apr. 9, 2003).  However, as the Third Circuit in <u>Smith v. Califano</u>, 637 F 2d 968, 971-972 (3rd Cir. 1981) explained:

[S]tatutory disability does not mean that a claimant must be a quadriplegic

or an amputee. Similarly, shopping for the necessities of life is not a negation of disability …. Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.

Smith v. Califano, 637 F.2d at 971-972.

This issue comes up because the Claimant completed a function questionnaire and testified that he cares for his 4-year old son while his wife works, gets his 8-year old son ready and off to school in the morning, helps his son with his homework when he gets home from school, does small loads of laundry twice a week, mows the lawn with a riding lawnmower, and drives a car to go grocery shopping for small items once a week.  (R16).

These activities are not inconsistent with the objective medical findings of record.  As provided above, Dr. Miric noted physical capabilities restrictions as follows: sitting two (2) hours, standing one (1) hour, and walking zero (0) hours. (R263).  Dr. Miric further stated Claimant is incapable of pushing, pulling, climbing, twisting, bending, stooping, lifting up to 10 pounds, and only occasionally is he capable of reaching above shoulder level.  (R263).  Claimant relayed to the ALJ that he experiences stiffness in his back and numbness in his legs when he sits.  (R28).  Conversely, he experiences numbness in his legs when he stands for too long.  (R28).  Surely, the Claimant is capable of getting his child on the bus, making breakfast, doing laundry, and helping with homework in spite of these limitations.  Accordingly, his testimony has not demonstrated a level of

daily activity that would call his credibility into question.

For the above reasons, the decision of the Appeals Council and ALJ below should be reversed, and Claimant, John Richardson, awarded benefits with an onset date of November 23, 2006.

Respectfully submitted,

**NEWMAN, WILLIAMS, MISHKIN, CORVELEYN, WOLFE & FARERI, P.C.**


s/    Ronald J. Mishkin, Esquire
      Atty. ID # PA 14912
      Attorney for Plaintiff, John Richardson

## CERTIFICATE OF SERVICE

I hereby certify that I am, this day, serving the foregoing document upon the

individual below via ECF.

Timothy S. Judge, Esquire
P.O. Box 309
Scranton, PA 18501-0309
Timothy.judge@usdoj.gov

**NEWMAN, WILLIAMS, MISHKIN,
CORVELEYN, WOLFE & FARERI, P.C.**

s/      Ronald J. Mishkin, Esquire
        Atty. ID # PA 14912
        Attorney for Plaintiff, John Richardson

Date:  September 20, 2011